# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50236
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 16, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricardo Torres,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CR-35-1

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ricardo Torres, federal prisoner # 63686-380, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred by ruling that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release. Specifically, he contends that he has been rehabilitated. Torres also argues that the district

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court abused its discretion by finding that he did not establish extraordinary and compelling reasons warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We review the denial of a motion for compassionate release for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court denied Torres's motion on the ground that he was not entitled to compassionate release because the § 3553(a) factors did not weigh in his favor. Specifically, the district court found that he had committed a serious offense, he had an extensive violent criminal history, and releasing him early was not in the interests of justice and would minimize the seriousness of his offense. *See* § 3553(a). Torres's reliance on *United States v. Jackson*, 27 F.4th 1088, 1092 (5th Cir. 2022), is misplaced because, unlike here, the district court in *Jackson* did not explicitly address the § 3553(a) factors. Torres's disagreement with the district court's weighing of the sentencing factors is not sufficient to demonstrate an abuse of discretion, particularly given that Torres provides no evidence or case law establishing that the district court based its decision on a legal error or on an erroneous assessment of the facts. *See Chambliss*, 948 F.3d at 694. Because the district court did not abuse its discretion when it found that the § 3553(a) factors did not support Torres's early release, we do not reach Torres's challenge to the district court's finding that he had not established extraordinary and compelling reasons warranting compassionate release. *See* § 3582(c)(1)(A).

Torres has failed to show that the district court abused its discretion in denying his motion for compassionate release. *See Chambliss*, 948 F.3d at 693–94. The judgment of the district court is AFFIRMED.